**KENNETH E. LYON, III**
Nevada Bar No. 7071
**LAW OFFICES OF KENNETH E. LYON, III**
432 Court Street
Reno, Nevada 89501
Telephone: 775.786.4188
Facsimile: 775.786.5573
Email: ken@lyonlaw.net
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMMADALI AFSHAR,<br><br>        Plaintiff,<br><br>vs.<br><br>JEFFREY BUTLER, PATRICK MCCAULEY, SHELBY CRAWFORD, THE CITY OF RENO, a political subdivision of the State of Nevada, and DOES 1-X, inclusive,<br><br>        Defendants. | Case No.  3:24-cv-00110<br><br>**COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 and RELATED STATE CLAIMS**<br><br>**JURY DEMAND** |

COMES NOW, Plaintiff Mohammadali Afshar, by and through his undersigned counsel, and complains, alleges, and avers against Defendants as follows:

**JURISDICTION AND VENUE**

1. Under 28 U.S.C. § 1343 and 28 U.S.C § 1331 this Court has jurisdiction to consider 42 U.S.C. § 1983 claims.

2. Under 28 U.S.C § 1367 this Court has supplemental jurisdiction to consider all pendent state law claims.

/ / /

/ / /

1

3. Venue in the Northern District of Nevada is appropriate in this action pursuant to 28 U.S.C. § 1391(b) in that the transaction or occurrence before the Court occurred in the City of Reno, Washoe County, Nevada.

**PARTIES**

4. At all times material herein, Plaintiff Mohammadali Afshar was a resident of Reno, Washoe County, Nevada, and a person within the jurisdiction of the United States who enjoyed the rights, privileges and immunities secured to him by the United States Constitution and state laws.

5. Upon information and belief, at all times material herein, Defendants Shelby Crawford, Jeffrey Butler, and Patrick McCauley, were residents of Reno, Washoe County, Nevada, and were duly appointed and qualified employees and officers of the Reno Police Department and were acting under color of law and within the scope and authority of their employment and for purposes of 42 U.S.C. § 1983 are sued in their individual capacities.

6. Upon information and belief, at all times material herein, Officer Crawford was a junior officer being trained by Officer McCauley.

7. At all times material herein, the City of Reno was a political subdivision of the State of Nevada, and through the City of Reno Police Department, was the employer of Defendants Crawford, Butler, and McCauley, and is therefore vicariously liable for the state claim violations alleged against them as set forth below.

8. Plaintiff alleges that each Defendant performed, participated in, aided and/or abetted in some manner the acts averred herein and proximately caused or are otherwise liable either individually or jointly for Plaintiff's alleged damages.

//

//

2

**GENERAL ALLEGATIONS**

9. Upon information and belief, on March 16, 2022, Officers Crawford, McCauley, Butler, and Isaac Meadows, were called to respond to a reported "hit-and-run" accident near 2220 Escalera Way in Reno, Nevada.

10. Upon arrival at the accident scene, each officer activated their official body worn camera which captured their respective actions and conversations, including their subsequent interactions with Plaintiff.

11. The accident scene consisted of a parked 2010 Subaru Outback with damage consistent with being struck from behind by another vehicle and then pushed into a parked 2021 Toyota 4-Runner which was parked in front of the Subaru Outback.

12. Officers Crawford and McCauley traced a fluid trail from the scene and discovered an unoccupied parked 2003 Lexus owned by the Plaintiff which exhibited front-end damage consistent with the reported accident.

13. At approximately 0157, Officer Butler joined Officers McCauley and Crawford at the location where Plaintiff's vehicle was found.

14. Officer Crawford was tasked as the primary investigator for the accident under the supervision of Officer McCauley. At approximately 0200 hours, Officers Crawford and McCauley returned to the accident scene to continue with the accident investigation while Officer Butler remained at the location of Plaintiff's vehicle.

15. At approximately 0214, Officer Meadows joined Officer Butler at the location of Plaintiff's vehicle.

16. At approximately 0215 hours Plaintiff returned to his vehicle and made contact with Officers Butler and Meadows. At that time, Plaintiff advised that he had inadvertently struck the Subaru after receiving a cellphone call from his mother. He further advised that he had

provided the owner of the Subaru with his insurance information and then left the scene to go to a friend's apartment due to an anxiety attack and to attend to injuries he had sustained in the accident.

17. At approximately 0216 hours Officer Meadows asked Plaintiff for his driver's license and proof of insurance and registration, which Plaintiff provided.

18. At approximately 0219, while Officer Butler detained Plaintiff, Officer Meadows returned to the accident scene and provided Officers Crawford and McCauley with Plaintiff's driver's license and advised them of Plaintiff's claim that he had provided his insurance information to the owner of the Subaru, which Officer McCauley confirmed was correct.

19. At approximately 0228 Officer Meadows again joined Officer Butler at Plaintiff's vehicle where they continued to detain Plaintiff pending the investigation by Officers Crawford and McCauley.

20. At approximately 0303 Officers Crawford and McCauley made their first contact with Plaintiff. At that time Plaintiff was talking and acting "normal" as subsequently acknowledged by Officer Crawford.

21. After this interaction, Officer Crawford continued to process the paperwork with the intent of serving Plaintiff with a citation.

22. At approximately 0320 hours, Officer Meadows departed the scene.

23. At approximately 0321 hours, Officers Crawford and McCauley reengaged Plaintiff with the intent of serving him a citation.

24. Plaintiff questioned Officer Crawford's decision to issue a citation for "hit and run" in light of the fact that he provided the owner of the Subaru with his insurance information.

25. While the interaction continued Officer Crawford's demeanor exhibited signs of frustration about the questions Plaintiff was attempting to ask her.

4

26. While speaking with Plaintiff, Officer Crawford inadvertently dropped Plaintiff's driver's license.  When Plaintiff requested Officer Crawford pick up his license, Officer Crawford responded that Plaintiff could retrieve his license after the officers had departed.

27. While the interaction continued Officers Butler and McCauley also began to exhibit signs of frustration prompting Officer McCauley to tell Officer Crawford to serve the citation.

28. However, rather than serve the citation, Officer Crawford, in an apparent effort to continue with the investigation, asked Plaintiff for his telephone number and other identifying information which Plaintiff advised had already been provided.

29. At approximately 0322 Officer Crawford informed Plaintiff of the citation, his court date, and informed him of the consequences if he missed the court date. At that time, Officer Crawford asked whether Plaintiff had any more questions and Plaintiff responded by asking Officer Crawford to include in her report the fact that he felt she was not helpful in answering his questions.

30. Officer Crawford then asked Plaintiff to back up and she would pick up his license.  Plaintiff questioned the command to back up at which point Officers Butler and McCauley informed Plaintiff that he was still being detained.

31. After being told again to back up by Officer McCauley Plaintiff complied by taking a step backward.

32. Officers Crawford and McCauley instructed Plaintiff to take another step back, prompting him to again question the command.

33. Suddenly without any warning to Plaintiff, Officer McCauley verbally signaled "O and R" and he and Officer Butler immediately grabbed Plaintiff by the arms to apply handcuffs.

34. When Officers McCauley and Butler grabbed Plaintiff's arms they did so with such force as to fracture his right arm.

5

35. Plaintiff immediately vocalized his pain.

36. Medical assistance was summoned, and Plaintiff was transported by ambulance to the emergency room at Renown Regional Medical Center where it was confirmed that he sustained a humeral middiaphyseal fracture to his right arm.

37. While at the hospital, Plaintiff was issued a citation for violations of RMC 8.06.010(b)(2), NRS 484B.223(1), and NRS 484E.040.

38. Plaintiff was never formally arrested.

39. On or about November 23, 2022, Plaintiff entered a no-contest plea in the Reno Municipal Court to obstructing a peace officer in violation of RMC 8.06.010(b)(1), as that term is defined in RMC 8.06.010(a)(1), and failure to maintain a lane in violation of NRS 484B.223(1).

40. At all times material hereto, there was never a need to use force against Plaintiff.

41. At all times, the physical restraint of Plaintiff by Defendants McCauley and Butler was objectively unreasonable considering the facts and circumstances confronting them and the nature and extent of Plaintiff's injury, and at no time did Plaintiff pose any threat to the safety of the officers or any other person.

42. At no time did any of the Defendant officers issue a warning that physical force would be used, nor did any Defendant officer tell Plaintiff that he was under arrest before grabbing him. Instead, Defendants McCauley and Butler grabbed Plaintiff without warning which merely frightened and confused him.

43. At no time was Plaintiff actively resisting arrest or attempting to evade arrest. His actions were either involuntary and/or responsive to the forces being asserted upon him by Defendants McCauley and Butler.

//

6

44. Plaintiff was not engaged in or was attempting to engage in any crime that would justify the use of force.

45. Plaintiff was not physically blocking or engaging in any other provocative conduct.

46. At no time was the use of force necessary or justified and at no time was it appropriate or necessary for Defendants McCauley and Butler to inflict injury and pain upon Plaintiff.

47. At no time did Defendants McCauley and Butler consider less intrusive methods of obtaining Plaintiff's compliance.

48. At all times, less intrusive means were available other than the decision to have Defendants McCauley and Butler grab Plaintiff with such force and effort as to fracture his right arm.

49. The conduct of Defendants McCauley and Butler was an intentional and/or reckless provocation of violence on the body of Plaintiff which he did not consent to.

50. The conduct of Defendants McCauley and Butler constitutes an objectively unreasonable and excessive use of force and an unlawful exercise of their police authority.

51. As a result of the above-described acts, Plaintiff was deprived of the rights, privileges, and immunities secured to him under the United States and Nevada Constitutions to be free from unreasonable seizure and free from excessive and unreasonable force at the hands of the government.

## FIRST CLAIM FOR RELIEF
**(Excessive Force – 42 U.S.C. § 1983)**
**(Defendants McCauley, Butler)**

52. Plaintiff incorporates all previously alleged paragraphs as though alleged in full herein.

53. At all times material herein, Plaintiff was a person within the jurisdiction of the United States.

54. At no time did Plaintiff pose a reasonable or immediate threat to the safety of the Defendants McCauley or Butler or to anyone else.

7

55. At all times it was readily apparent that Plaintiff did not possess any weapons.

56. At no time did Plaintiff direct any verbal or physical threat to Defendants or to anyone else.

57. At no time had Plaintiff committed any offense against the law that would justify the use of force exercised by Defendants McCauley and Butler.

58. At no time was Plaintiff provided with a warning that the use of force was imminent for Plaintiff's perceived non-compliance.

59. The use of force exercised by Defendants McCauley and Butler was committed under the color of state law.

60. The use of force exercised by Defendants McCauley and Butler was excessive and objectively unreasonable under the circumstances confronting them.

61. The use of force exercised by Defendants McCauley and Butler deprived Plaintiff of his clearly established and well-settled constitutional rights, including the freedom from unreasonable seizure and the use of excessive and unreasonable force.

62. Defendants McCauley and Butler subjected Plaintiff to these constitutional deprivations either maliciously, or by acting with a reckless disregard to Plaintiff's rights.

63. As a direct and proximate cause of the unreasonable use of force exercised by Defendants McCauley and Butler, Plaintiff sustained special and general damages, including medical expenses, loss of income, physical pain and suffering and emotional distress.

64. As a direct and proximate cause of the use of force exercised by Defendants McCauley and Butler, Plaintiff was deprived of his right to be secure in his person against violations of his rights under the Fourth Amendment of the United States Constitution.

65. The use of force by Defendants McCauley and Butler was intentional, wanton, malicious and oppressive and made with the reckless indifference to the constitutional rights of Plaintiff thereby entitling Plaintiff to an award of punitive damages.

8

WHEREFORE, Plaintiff prays for judgment against Defendants McCauley and Butler as set forth below.

## SECOND CLAIM FOR RELIEF

### (Battery)

### (Defendants McCauley, Butler, City of Reno)

66.  Plaintiff incorporates all previously alleged paragraphs as though alleged in full herein.

67. By using excessive and unreasonable force, Defendants McCauley and Butler caused harmful or offensive bodily contact with Plaintiff.

68. The actions of Defendants McCauley and Butler were unprivileged.

69. The actions of Defendants McCauley and Butler were taken within the scope and course of their employment with Defendant City of Reno.

70. The actions of Defendants McCauley and Butler were the direct and proximate cause of Plaintiff's injuries.

71. As a direct and proximate result of the actions of Defendants McCauley and Butler, Plaintiff sustained special and general damages, including medical expenses, loss of income, physical pain and suffering and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants McCauley and Butler as set forth below.

## THIRD CLAIM FOR RELIEF

### (Negligence)

### (All Defendants)

72. Plaintiff incorporates all previously alleged paragraphs as though alleged in full herein.

73. At all times material hereto, Defendants McCauley, Butler, and Crawford owed a duty of care to the public in general, and Plaintiff in particular, to exercise due care in their own actions to avoid harm or injury to others and to avoid creating an unreasonable risk of injury to others.

9

74. Defendants McCauley, Butler, and Crawford breached their duty of care by: failing to properly and adequately access the need to formally arrest Plaintiff; by failing to properly and adequately access the need for the use of force; by failing to properly and adequately follow standard police principles and practices, including proper principles of contact and cover, principles of proper command and control, use of de-escalation tactics, use of disrespectful and unsafe tactics, use of reasonable force, and acts in violation of NRS 171.123; and, by such other acts or omissions to be later determined.

75. The actions Defendants McCauley, Butler and Crawford were taken within the scope and course of their employment with Defendant City of Reno.

76. The actions of Defendants McCauley, Butler, and Crawford were the direct and proximate cause of Plaintiff's injuries.

77. As a direct and proximate result of the actions of Defendants McCauley and Butler, Plaintiff sustained special and general damages, including medical expenses, loss of income, physical pain and suffering and emotional distress.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.    For actual and compensatory damages including medical expenses, loss of income, physical pain and suffering, and emotional distress according to proof at trial;

2.    For punitive damages according to proof at trial;

3.    For attorney's fees, and costs of suit;

4.    For nominal damages; and

5.    For such other relief as the Court may deem proper.

DATED this 5th day of March, 2024.

  _Kenneth E. Lyon, III_
Kenneth E. Lyon, III
Nevada Bar No. 7071
Law Offices of Kenneth E. Lyon, III
432 Court Street
Reno, Nevada 89501
(775) 786-4188

11