KARL S. HALL
Reno City Attorney
MARK A. HUGHS
Deputy City Attorney
Nevada State Bar No. 5375
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Jeffrey Butler, Patrick McCauley,*
*Shelby Crawford and the City of Reno*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* ◊ \* \*

| | |
|---|---|
| MOHAMMADALI AFSHAR, | **CASE NO.:  3:24-cv-00110-MMD-CLB** |
| Plaintiff, | **ANSWER** |
| vs. | |
| | **JURY DEMAND** |
| JEFFREY BUTLER, PATRICK MCCAULEY, SHELBY CRAWFORD, THE CITY OF RENO, a political subdivision of the State of Nevada, and DOES 1-X, inclusive, | |
| Defendants.                    / | |

Defendants City of Reno, Jeffrey Butler, Shelby Crawford, and Patrick McCauley ("Defendants"), by and through their attorneys, Reno City Attorney Karl S. Hall and Deputy City Attorney Mark Hughs, hereby respond, on behalf of the above-referenced Defendants only, to the allegations in Plaintiffs' Complaint (ECF #1) filed March 5, 2024 (Complaint), by admitting, denying and averring as follows:

1.      Defendants admit the allegations of paragraphs 6, 10, 12, 37, 39, 53, 69 and 75.

2.      Defendants deny each and every allegation contained in paragraphs 38, 40, 41, 43, 44, 45, 46, 47, 49, 50, 51, 54, 56, 57, 60, 61, 62, 63, 64, 65, 68, 71, 74, 76 and 77 of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

truth of the allegations contained in paragraphs 1, 2, 3, 4, 8, 9, 34, 48, 55, 58, 59, 67 and 70 of the Complaint and therefore denies the same.

4.    With regard to all parts of the Complaint alleged, or based, on (a) unstated, unknown or unascertainable information, (b) speculation, (c) vague or ambiguous assertions, (d) musings, (e) news and media reports/presentations, (f) unknown or unverifiable sources, (g) alleged quotations, (h) Plaintiff's characterizations, (i) the interpretations of statements, (j) assertions which are part of unstated thoughts, opinions or ideas, (k) compound and/or intermixed assertions, (l) amendment of the Complaint, (m) intentions, (n) potential future actions, (o) allegations made upon information or belief, (p) paragraphs which are not limited to a single set of circumstances as required by Fed. R. Civ. P. 10(b) so as to be unclear, (q) interpretation of the law, (r) allegations for which inadequate context is provided, (s) disallowed claims, and/or (t) statements and/or allegations the Defendants do not understand, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

5.    To the extent not indicated elsewhere in this Answer, Defendant denies all allegations of wrongdoing, liability and responsibility for damages.

6.    With regard to the allegations contained in paragraphs 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 35 of the Complaint, Defendants admit the partial portrayal of physical actions and timing of such actions is generally consistent with the course of events.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs of the Complaint and therefore deny the same.

7.    With regard to the allegations contained in paragraph 5, the individual Defendants' residency is subject to the confidentiality provisions of Nevada. Revised Statute 289.025(1). Defendants admit the individual Defendants were officers in the Reno Police Department acting in the scope and authority of their position.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore deny the same.

8. With regard to the allegations contained in paragraph 7, Defendants admit the individual Defendants were employed by the City of Reno, which is a political subdivision of the state of Nevada. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore deny the same.

9. With regard to the allegations contained in paragraph 36 of the Complaint, Defendants admit Plaintiff was transported by ambulance to the Renown facility. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint and therefore deny the same.

10. With regard to the allegations contained in paragraph 42 of the Complaint, Defendants admit the individual Defendants did not give Plaintiff advance notice of the consequence of obstructing an investigation before they grabbed him. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint and therefore deny the same.

11. With regard to the allegations contained in paragraph 73, Defendants admit all persons have a responsibility to avoid unjustifiably causing harm to others. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 73 of the Complaint and therefore deny the same.

12. In response to paragraphs 52, 66, and 72 of the Complaint, Defendants incorporate and reassert their responses to the paragraphs referenced therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted against the Defendants.

2. Defendants have qualified, discretionary and good faith immunity from the claims of the Plaintiff.

3. Defendants are immune from this action and any liability pursuant to Nevada Revised Statutes Chapter 41, including but not limited to Nevada Revised Statute 41.032.

4. Plaintiff's claims are barred to the extent he failed to mitigate his damages.

5. At all times relevant to this action, Defendants acted in a manner which was reasonable and necessary under the circumstances.

6. Plaintiff's damages were caused by the conduct of independent intervening causes and third parties over which Defendants had no influence or control. Defendants are neither responsible nor liable for such independent causes and actions.

7. Plaintiff's alleged damages were directly, proximately and legally caused by his own intentional and/or negligent actions.

8. All actions taken by the Defendants were reasonable, proper, legal and justified, and therefore cannot form a basis for liability.

9. Any award of damages to any Plaintiff from the Defendant for state law claims, if any, is limited by the provisions of NRS 41.035.

10. No act or omission of the Defendants was a substantial factor in bringing about the damages alleged by Plaintiff, nor was any act or omission a contributing cause thereof. Any alleged act or omission of the Defendants was superseded or preceded by the acts or omissions of others, which were the independent, intervening, legal and proximate cause of the damage alleged by Plaintiff.

11. Plaintiff's claims contradict and undermine his underlying convictions and are barred by Heck v. Humphrey, 515 U.S. 477 (9th Cir. 2014).

12. Plaintiff may not recover punitive damages against Defendants pursuant to NRS 41.035, the due process clauses of the United States and Nevada Constitutions and other applicable law.

13. The Defendants' actions were reasonable and made in compliance with all laws governing such actions. Therefore, no liability for violation of the law can exist.

14. If any liability is found against Defendants on the state law claims, they are liable only for their apportioned amount under NRS 41.141, and as limited under other applicable law.

15. Plaintiff's claims are based on impermissible and inadmissible speculation.

16. Some or all of Plaintiff's claims are barred by the doctrines of *res judicata* and *issue preclusion*.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

-4-

17.     No Plaintiff may recover more than once for the same loss, nor recover more than the total loss it can prove.  It may not recover duplicative damages.

18.     Defendants did not violate any constitutional rights of any Plaintiff.

Defendants reserve the right to amend this pleading to include any additional or further affirmative defenses as their bases become known and relevant, and to bring other related claims, including third-party claims and cross-claims.

Wherefore, Defendants pray:

1.     For judgment in their favor on all claims and defenses of the parties;

2.     For an award of all costs and attorney's fees incurred; and

3.     For any additional or further relief this Court may deem just and proper.


DATED this  3rd  day of June, 2024.


KARL S. HALL
Reno City Attorney


By:    /s/ Mark A. Hughs
            MARK A. HUGHS
            Deputy City Attorney
            Nevada State Bar #5375
            Post Office Box 1900
            Reno, Nevada 89505
            *Attorneys for Jeffrey Butler, Patrick McCauley, Shelby Crawford, and the City of Reno*

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____    Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices or;

_____    Personal delivery.

__X__    CMECF electronic service.

_____    Federal Express or other overnight delivery.

_____    Reno/Carson Messenger Service.

addressed as follows:

Kenneth E. Lyon, III
**Law Offices of Kenneth E. Lyon, III**
432 Court Street
Reno, NV 89501
*Attorney for Plaintiff*

DATED this __3rd__ day of June, 2024.

_/s/ Terri Strickland_____
Terri Strickland
Legal Assistant